[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
Introduction
The instant matter concerns a 9-room (5-bedroom) house on 2.5 acres rented by Mr. Jerry Herring from Congen Properties Inc. in Bloomfield, Connecticut. Mr. Herring and CT Page 2142 his family have resided there since 1985.
By agreement of the parties the court consolidated the above three cases for trial. Case 9010-57806 is a possession case based on nonpayment of rent. Mr. Herring raised two special defenses: (1) unauthorized repair/renovation work and (2) a heating problem. In Case 9008-3625, the same plaintiff, Congen Properties Inc. sought money damages for back rent or use and occupancy from August 1989 to the present time. Similar special defenses were raised. Case 9006-3560 was commenced by Jerry Herring, the defendant in the other two cases against Congen Properties Inc. for damages resulting from the repair/renovation work, the additional cost for hot water, and for unfair or deceptive acts in violation of CGS 42-110b
et seq.
 II.
Discussion
 A.
As mentioned, the defendant raised two issues used both as special defenses and affirmatively: the unauthorized repair/renovation including painting and a heating problem. After hearing the evidence, the court finds that the defendant requested certain renovation work be done in the house. Apparently all work was satisfactory, except for the color the kitchen cabinets were painted. While the court notes the landlord did not consult with the defendant about the color, the landlord chose white because it was deemed neutral. The request and agreement to do the work constituted an oral modification to paragraph ten of the lease. This court rejects the defendant's position that painting the cabinets white entitled the defendant to withhold rent. While it would have been beneficial to all parties to agree on a color, the landlord under the lease was not required to consult with the tenant. The court finds that this did not rise to the level of any constructive eviction.
 B.
A second defense concerned the "bad furnace, no heat" issue. The testimony indicated a new oil fired (with hot water) furnace was installed in 1989 to reduce the heating bills (electric heat). The court notes while there were several repairs, most occurred in April and October 1989. Further, the defendant put on no evidence of inconvenience or having been constructively evicted due to lack of heat. Thus, the defendant has failed to meet his burden of persuasion. CT Page 2143
 C.
This court also heard testimony and hereby finds that the plaintiff is owed $26,552 for back rent or use and occupancy. Nothing was paid from October 1989 to February 1991 with the exception of three $1270 payments made to the court. Attorneys fees of $1500.00 for prosecuting the possession case will also be allowed.
 D.
In connection with Mr. Herring's affirmative suit, the court finds for the defendant Congen Properties, Inc. on the first count (mental anguish due to color of cabinets) due to a lack of any persuasive evidence. As to the second count concerning the electric bill, the court finds that the lease contemplates that the defendant would pay for certain utilities including heat and hot water. The landlord would pay electricity but according to the testimony, the rent figure I included an electricity component of approximately $170.00. The landlord installed the oil fired system for heat and hot water to reduce the maintenance cost of the house. There was no testimony that the cost of heating was increased. As the total rent did not change ($1270) and as the tenant had to pay the cost of heating hot water which was included in the basic rent previously, the court finds that the landlord imposed a new charge upon the tenant. There was no evidence to indicate the hot water portion of the oil bill. The court finds that while the lease required the tenant to pay hot water, the past practice of it being included in the electric was indeed changed. The tenant is awarded thirty dollars per month through January 15, 1991, or $285 for this additional charge.
As to the remaining counts, there was no evidence introduced on damages resulting from lack of heat or septic system backup. The court also declines to find the renovations, including the installation of the new heating system constitutes a violation of the Unfair Trade Practices Act, CGS 42-110h.
Summary of Decision:
 1) Case 9010 57806 — Judgment shall enter for the Plaintiff Congen Properties Inc. for nonpayment of rent. The funds in court registry shall be released to the plaintiff.
 2) Case 9008-3625 — Judgment shall enter for the Plaintiff Congen Properties Inc. in the sum of $28,052.00 plus costs of $96.00. Reasonable attorney's fees of $650.89 are CT Page 2144 also allowed.
 3) Case 9006-3560 — Judgment shall enter for plaintiff Jerry Herring in the sum of $285.00 plus costs of $91.20.
BERGER, J.